1  **ROBERT T. LANE**, State Bar No. 120616
2  **JOHN J. GULINO**, State Bar No. 160189
   **LANE & GULINO**
3  **8180 E. Kaiser Boulevard**
   **Suite 100**
4  **Anaheim Hills, CA 92808**
   **(714) 282-2432**
5  **FAX (714) 283-9073**

6  Attorneys for Defendant
   GAP FUND, LLC

7

8

9                    UNITED STATES DISTRICT COURT

10                   SOUTHERN DISTRICT OF CALIFORNIA

11

12  SANDRA GALE MARTINO, an individual, ) CASE NO.
    RONALD ANTHONY VANSTRALENDORFF, an )
13  individual,                         ) **'09 CV 2064 JM CAB**
                                        )
14                  Plaintiffs,         ) NOTICE OF REMOVAL
                                        )
15          vs.                         )
                                        )
16  GAP FUND, LLC, a business entity of )
    unknown form, GAP MANAGERS, INC., a )
17  California corporation, FCI LENDER  )
    SERVICES, INC., FKA FCI NATIONAL    )
18  LENDER  SERVICES,  a   California   )
    corporation, SEASIDE LENDING, INC., )
19  a California corporation, and Does 1 )
    through 100, inclusive,             )
20                                      )
                    Defendants.         )
21  _____ )

22

23  To the Clerk of the United States District Court for the Southern

24  District of California:

25

26  DEFENDANT, GAP FUND, LLC, files this Notice of Removal under *28*

27  *USC §§ 1441, 1446* and *Federal Rules of Civil Procedure, Rule*

28  *81(c).*

                              -1-

FILED

09 SEP 21  AM 8:22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                      DEPUTY

STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL

1. The action pending in the Superior Court of the State of California in and for the County of San Diego entitled *Sandra Gale Martino, an individual and Ronald Anthony Vanstralendorff, an individual v. GAP FUND, LLC, a business entity of unknown form, GAP MANAGERS, INC., a California corporation, FCI LENDER SERVICES, INC., FKA FCI NATIONAL LENDER SERVICES, a California corporation, SEASIDE LENDING, INC., a California corporation, and Does 1 through 100, inclusive,* assigned case number 37-2009-000555152-CU-OR-NC, was commenced on May 26, 2009.

2. Copies of the pleadings and other papers served on the removing defendants in the above-described action are appended to this Notice of Removal as required by *28 USC § 1446.*

3. As the appended record demonstrates, the action pending in the state court is a civil action within the original federal question jurisdiction of the federal district courts under 28 USC § 1331. Plaintiffs' complaint specifically claims violation of federal statutes including the Truth In Lending Act [15 U.S.C. 1601, et seq.]; the Real Estate Settlement Procedures Act [12 U.S.C. 2601, et seq.], and the Racketeer Influenced and Corrupt Organizations Act [18 U.S.C. 1961 et seq.].

4. Because the state court action is one within the federal question jurisdiction of the federal district courts, the action

-2-

is removable to federal court without regard to the citizenship of the parties under *28 USC § 1441 (a), (b)*. Additionally any "non federal" claims asserted in the complaint are removable as provided in *28 USC § 1441(c)*.

This defendant, GAP FUND, LLC, was served with summons and complaint by Notice and Acknowledgment of Receipt signed on behalf of defendant GAP FUND, LLC on August 21, 2009.

5. The state court action therefore is removable to the federal district court under *28 USC § 1441 (b), (c)*.

6. Removal to this district court is proper under *28 USC § 1441(a)* because the San Diego County Superior Court is geographically located within this court's district.

7. Removal is timely under *28 USC § 1446(b)* because this Notice of Removal is filed within 30 days of service of process of the complaint stating claims within federal jurisdiction.

8. Removal is proper under *28 USC § 1446(b)* because all defendants have joined in this Notice of Removal, or those defendants who have not joined in this Notice of Removal have not been served with process or are mere nominal parties not required to join.

-3-

1

DATED: September 17, 2009          LANE & GULINO

2

3

4

ROBERT T. LANE

5

JOHN J. GULINO
Attorneys for Defendant,

6

GAP FUND, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

# State Court Complaint

1  Samuel Kelsall V, Esq. SBN 141138
   KELSALL & ASSOCIATES PC
2  2921 Roosevelt Street
   Carlsbad, CA 92008
3  760-434-2100
   Facsimile: 760-434-2102
4

5  Attorney for Plaintiffs

6

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10              SAN DIEGO COUNTY-NORTH DISTRICT

11

12 SANDRA GALE MARTINO, an individual,   )   **37-2009-00055152-CU-OR-NC**
   RONALD ANTHONY                        )   Case No.:
13 VANSTRALENDORFF, an individual,       )
                                         )   COMPLAINT FOR
14                                       )   1.  INJUNCTIVE RELIEF;
              Plaintiff,                 )   2.  BREACH OF FIDUCIARY DUTY;
15                                       )   3.  FRAUD;
                                         )   4.  NEGLIGENT INFLICTION OF
16            vs.                        )       EMOTIONAL DISTRESS;
                                         )   5.  NEGLIGENCE;
17 GAP FUND, LLC., a business entity of  )   6.  RICO;
   unknown form, GAP MANAGERS, INC., a   )   7.  T.I.L.A.VIOLATION;
18 California corporation, FCI LENDER     )   8.  RESPA VIOLATION
   SERVICES, INC, FKA FCI NATIONAL       )   9.  CANCELLATION BASED ON
19 LENDER SERVICES, a California         )       FRAUD AND IMPOSSIBILITY OF
   corporation, SEASIDE LENDING, INC. a  )       PERFORMANCE
20 California corporation, and DOES 1 through ) 10. DEMAND FOR ACCOUNTING;
   100, inclusive,                       )   11. RESCISSION;
21                                       )   12. REFORMATION OF
                                         )       UNCONSCIONABLE CONTRACT;
22            Defendants.                )   13. UNFAIR AND UNLAWFUL
                                         )       BUSINESS PRACTICE (BUSINESS
23                                       )       AND PROFESSION CODE §17,200
                                         )       ET SEQ.);
24                                       )   14. BREACH OF THE COVENANT OF
                                         )       GOOD FAITH AND FAIR
25                                       )       DEALING;
                                         )   15. UNFAIR DEBT COLLECTION
26                                       )       PRACTICES;
                                         )   16. PREDATORY LENDING
27                                       )       PRACTICES
                                         )
28                                       )
                                         )
                                         )

                              COMPLAINT - 1

SANDRA GALE MARTINO ("MARTINO" or "Plaintiff") and RONALD ANTHONY VANSTRALENDORFF ("VANSTRALENDORFF") (referred to collectively as "Plaintiffs") on information and belief allege as follows:

## THE SUBJECT PROPERTY

1.     At all times up until the trustee's sale referenced hereinbelow, Plaintiff MARTINO owned and lived together with her husband VANSTRALENDORFF in their single family residence, located at 920 Glendora Dr., Oceanside, California, County of San Diego, more particularly described on **Exhibit "A"** attached hereto and incorporated herein by this reference.

## PARTIES AND VENUE

2.     Defendant GAP FUND, LLC ("GAP FUND") is a business entity of unknown form that at all relevant times herein was purportedly doing business in the State of California as a lender and/or loan servicer.

3.     Defendant GAP MANAGERS, INC. ("GAP MANAGERS") is a California corporation that at all relevant times herein was purportedly doing business in the State of California as a lender and/or loan servicer, and/or mortgage broker.

4.     Defendant FCI LENDER SERVICES, INC, FKA FCI NATIONAL LENDER SERVICES ("FCI") is a California corporation that at all relevant times herein was purportedly doing business in the State of California as a trustee.

5.     Defendant SEASIDE LENDING, INC. (SEASIDE) is a California corporation that at all relevant times herein was purportedly doing business in the State of California as a lender and/or loan servicer, and/or mortgage broker.

6.     Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 100, inclusive, under the provisions of §474 of the California Code of Civil Procedure. Plaintiffs are informed

and believe, and on that basis allege that Defendants Does 1 through 100 are in some manner responsible for acts, occurrences, and transactions set forth herein and are legally liable to Plaintiffs are informed and believe, and on that basis alleges, that at all times mentioned herein each Defendant, whether actually or fictitiously named was the principal, agent or employee of each other Defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for herein.

7.     At all times relevant herein Defendants ratified the unlawful conduct of the other Defendants, who were acting within the scope of their agency or employment, by accepting the benefits of the transaction with knowledge of the wrongdoing, or otherwise by failure to repudiate the misconduct.

8.     Plaintiffs are further informed and believes, and on that basis allege that each corporate or limited liability company Defendant is the alter ego of its owner or owners and that there is insufficient separation of identity between the ownership and the corporate or limited liability company Defendant, and/or that such corporate or limited liability company Defendant is used merely as a vehicle to perpetrate fraud such that injustice would result to Plaintiffs in this matter if the corporate or limited liability company Defendant veil, if any, would remain intact.

9.     Plaintiffs reserve the right to assert additional violations of law as documents and information related to the transaction are produced in the course of discovery in this action.

10.     Defendants' conduct in Plaintiffs' case was not an isolated incident. At all relevant times herein, Defendants' regular business practice takes advantage of confusion between the genuine business of Mortgage Lending and a complicated but convincing moneymaking scam of selling or securitizing in the secondary market fraudulent purchase-money loans and re-finance loan

deals that violate statutory and common law standards and that use fictional accounting and imprudent business practices to take advantage of unsophisticated borrowers who Defendants knew, or should have known, could not repay the loans; *that is,* unless Defendants continued to provide even shoddier loans to draw in more borrowers having less ability to pay, who then bought more houses, pushing real estate prices yet higher resulting in further rounds of fraudulent re-financings and higher prices, and so on, with huge exponential profits traveling up the chain to Defendants from the swindled consumers at the end of the chain, including Plaintiffs.

11.     Venue is proper in the County of San Diego under California Code of Civil Procedure Sections 392 and 395 because this action results from a mortgage on real property located in San Diego County, this action arises out of an offer or provision of a loan intended primarily for personal family or household use in San Diego County, and the acts alleged in this complaint occurred in San Diego County.

## FACTUAL ALLEGATIONS

12.     At all times prior to the foreclosure referenced hereinbelow, Plaintiff MARTINO owned and lived together with her husband VANSTRALENDORFF in their single family residence, located at 920 Glendora Dr., Oceanside, California, County of San Diego (the "Property"). Plaintiff MARTINO borrowed money from defendant GAP FUND, LLC ("GAP FUND") and/or Defendant GAP MANAGERS, INC. ("GAP MANAGERS") and/or defendant SEASIDE LENDING, INC. ("SEASIDE").

13.     At the time of the subject loan transaction MARTINO was working and earning approximately Two Thousand One Hundred Dollars ($2,100.00) per month.  Both plaintiffs are unsophisticated in matters of real estate financing.

14.     In or about July 2007 Plaintiff MARTINO was solicited by Defendant SEASIDE via telephone offering to refinance the existing loan on the Property.  The SEASIDE representative

told MARTINO she could qualify for financing even though her income at this time was approximately $2,100.00 per month, and further that he knew shed not qualify at that income level, but that he would get here loan anyway, and out of the proceeds, MARTINO could take $18,000.00 to supplement her income to make the monthly payment and further, that at a future time MARTINO would be able to refinance again and thus somehow be able to keep taking cash out of the Property to pay the higher monthly payments.

15.     MARTINO relied on these assertions by SEASIDE and signed the necessary documents for the loan.   MARTINO does not recall ever being contacted by a real estate appraiser who was making an appraisal of the Property during this same time period.

16.     MARTINO believes she paid approximately $15,090.00 in loan origination fees which were never explained to her, and that SEASIDE placed an inflated monthly gross income figure of $9,000.00 on her loan application.

17.     Plaintiff believes that the initial renegotiation by SEASIDE was a fraudulent loan application by manipulation to get the amount of money the loan officer wanted to negotiate for. Each of the named defendants knew, or should have known, that this loan could never be paid according to its terms. The subject loan transaction was economically impossible from its inception. An unsigned copy of the promissory note is attached hereto as **Exhibit "B."**

18.     Less that one (1) year after taking out the loan, Plaintiff MARTINO defaulted.  On or about November 5, 2009 the Property was sold at a trustee's sale ("Trustee's Sale").  An unlawful detainer was thereafter commenced against Plaintiff by GAP FUND, LLC as case no 37-2009-00037989-CL-UD-NC.  MARTINO and her husband attended the trial but had no attorney, and judgment was against them in that case.

19.     Rather than making prudent changes to minimize risks as would be expected of legitimate Mortgage Lenders, Defendants created ever riskier loan programs to feed eagerly their appetite for huge profits.  Defendants bombarded the public and Plaintiffs with these programs that were tantamount to giving away free money, just come and get it, to millions of low income

people, without money or reserves, with no realistic ability to pay as in Plaintiffs' case, except with Defendants' false promise of indefinite refinances based on faulty appraisals.

20.     Defendants knew, or should have known, that this loan could never be paid according to its terms.  The subject loan transaction was economically impossible from its inception.

## FIRST CAUSE OF ACTION
### INJUNCTIVE RELIEF
### (Against all Defendants)

21.     Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

22.     Defendants and each of them, and each of their agents, attorneys, successors, and representatives, and all persons acting in concert or participating with them, should be enjoined from removing, evicting, or in any way interfering with Plaintiffs' quiet and exclusive possession and occupancy of the Subject Property whether by an unlawful detainer court action, or otherwise, and should be restrained and enjoined during the pendency of this action from executing on the purported judgment wrongfully obtained in that unlawful detainer action entitled Gap Fund, LLC vs. MARTINO, et al, San Diego Superior Court case no. 37-2009-00037989-CL-UD-NC.

23.     Plaintiffs have no other plain, speedy, or adequate remedy, and the injunctive relief prayed for, and/or the stay of enforcement on the judgment in the above-referenced case is necessary and appropriate at this time to prevent irreparable loss to Plaintiffs' interests.

## SECOND CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
### (Against all Defendants)

24.     Plaintiffs reallege and incorporate by reference the allegations in all paragraphs as though fully set forth at this place.

25.     At all times relevant, Defendant brokers entered into a fiduciary relationship with Plaintiffs as alleged above, and owed Plaintiffs the highest duty of good faith and fair dealing, utmost care, integrity, honesty, loyalty, and truthfulness, as if they were acting as a trustee on behalf of their beneficiary California Civil Code 2079.16, and because of the Defendants'

1    conspiracy and wrongful common enterprise as alleged in this complaint, said fiduciary

2    relationship is chargeable as against all Defendants.

3    26.    As Plaintiffs' fiduciary, Defendants were precluded from gaining any advantage over

4    Plaintiffs and had the duty to make the fullest disclosure of all material terms of the loan and to

5    follow the real estate law set forth at Business and Professions Code 10130 et. seq. Defendants

6    had duties of full disclosure and advice pursuant to Wyatt v. Union Mortgage Co. (1979) 24

7    Cal.3d 773, 157 Cal.Rptr. 392.

8    27.    Defendants breached their fiduciary duty to Plaintiffs by engaging in the conduct set forth

9    above; including, but not limited to:  Fraud in creating a false loan application, in failing to

10   advise Plaintiffs of the imminent meltdown of Defendants' moneymaking scam and the

11   devastation it would cause the housing market, and in advising Plaintiffs to enter into an

12   unconscionable loan on the false and misleading representation that Plaintiffs  had the ability to

13   pay the loan, or that the loan could be refinanced, in failing to provide proper TILA Disclosures

14   as required by statute, denying Plaintiffs a meaningful review of the loan terms or any

15   meaningful right of recession; Accepting excessive and unconscionable fees and commissions in

16   the loan transaction; Gaining an advantage over Plaintiffs, their principal, in the loan transaction

17   Foreclosing on the Subject Property despite knowledge of their wrongdoing.  Defendants also

18   engaged in the application fraud on Plaintiffs as set forth in detail above.

19   28.    As the result of Defendants' breach of fiduciary duty, Plaintiffs were damaged as set forth

20   above, and are entitled to general damages in an amount which is yet unknown, and to special

21   damages, in amounts to be proven at trial.

22   29.    The conduct of Defendants was malicious, oppressive and fraudulent, and constitutes an

23   intentional scheme to defraud Plaintiffs and was intended to cause injury by depriving them of

24   their home and legal rights, and was carried on by Defendants with a willful and conscious

25   disregard of Plaintiffs' rights. Defendants' actions constitute despicable conduct that subjected

26   Plaintiffs to cruel and unjust hardship. Said conduct justifies an award of punitive damages in an

27   amount to be proven at trial.

28   ///

# THIRD CAUSE OF ACTION
## FRAUD
### (Against all Defendants)

30.     Plaintiffs reallege and incorporate by reference the allegations in all paragraphs herein as though fully set forth at this place.

31.     Plaintiffs are informed and believe that Defendants knew or should have known, at the time the documents were prepared and tendered by Defendants for the subject loan, that it was not possible for Plaintiffs, based on Plaintiffs' actual ability to pay, to pay the loan, and further that the loan was designed and intended by Defendants to survive only long enough for Defendants to inject the loan into the secondary market where Defendants would be rid of Plaintiffs and the loan, and that the worse the loan the more money Defendants made, and that Plaintiffs' loan was unconscionable, and that Defendants' representations both express and implied that the loan was viable and that Plaintiffs could in fact make the payments were false, and that the true facts known to Defendants were that Defendants were pulling Plaintiffs into a wave of bad loans created by Defendants which Defendants knew as of mid-2006 would build into a tsunami of impaired and defaulted mortgages overwhelming Plaintiffs by late 2008 and early 2009, all to prolong Defendants' enormous ill gotten gains for as long as possible until the inevitable collapse of their moneymaking scheme.

32.     When Defendants made the above alleged representations to Plaintiffs, they knew them to be false and made the representations with the intention to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance on these representations in the manner alleged, or with the expectation that Plaintiffs would so act.

33.     Plaintiffs, at the time these representations were made by Defendants and at the time Plaintiffs took the actions herein alleged, were ignorant of the falsity of Defendants' representations and believed them to be true. In reasonable reliance on these representations, Plaintiffs was induced to and did sign loan documents. Additionally, the drafting and approval of the loan documents constituted a material representation to the borrower Plaintiffs that they could make the payments called for in the Note. Had Plaintiffs known the actual facts, they would not have taken such action Plaintiffs' reliance on Defendants' representations was justified

because Defendants had represented themselves to be reputable institutional lenders that would not make a loan without first establishing the borrowers' actual ability to pay independent of market speculation.

34.     As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiffs signed loan documents purportedly transferring a security interest in their home that were unrealistic, unreasonable and oppressive for persons in Plaintiffs' position in life thereby causing Plaintiffs damages, according to proof.

35.     As a further proximate result of the fraudulent conduct of Defendants as herein alleged, Defendants were unjustly enriched by profits in the transaction derived from Plaintiffs, which Defendants should disgorge to Plaintiffs according to proof at the time of trial.

36.     The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, and concealment of material facts known to Defendants made with intent to deprive Plaintiffs of property and legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against all Defendants)

37.     Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

38.     Plaintiffs were financially unsophisticated with respect to mortgage loans and vulnerable to the importunities of Defendants who falsely represented themselves as reputable institutional Mortgage Lenders, this relationship giving rise to Defendants' duty to exercise due care towards Plaintiffs.

39.     Defendants knew, or should have known, that their failure to exercise due care in the performance of their duties would cause Plaintiffs severe emotional distress.

40.     Defendants' actions and conduct as described herein, constituted breach of duty.

1    As a proximate result of said breach of duty and the consequences proximately caused by it, as

2    hereinabove alleged, Plaintiffs suffered severe emotional distress and mental suffering, all to

3    their damage according to proof.

### FIFTH CAUSE OF ACTION
### NEGLIGENCE
### (Against all Defendants)

41.    Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as
though fully set forth at this place.

42.    At all times relevant Defendants, acting as Plaintiffs' brokers and lenders, had a duty to
exercise reasonable care and skill in performing their duties for the benefit of Plaintiffs, their
principal, in the loan transaction.

43.    In taking the actions alleged above, and in failing to take the actions as alleged above,
Defendants breached their duty of care and skill to Plaintiffs in the loan transaction, by among
other things, failing to supervise, inducing Plaintiffs to improperly sign documents by means of
false representations, suppressions and concealments, failure to counsel, failure to inform and
explain, charging excessive, unconscionable fees, and preparing false financial statements.

44.    As a proximate result of Defendants' conduct as set forth above, Plaintiffs were damaged
in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
### CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED
### AND CORRUPT ORGANIZATIONS ACT (RICO)
### (Against all Defendants)

45.ˋ    Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as
though fully set forth at this place.

46.    This cause of action is brought by Plaintiffs under the Organized Crime Control Act of
1970, Racketeer Influenced and Corrupt Organizations (RICO) 18 U.S.C. Section 1961, et. seq.

47.    Plaintiffs are persons within the meaning of 18 U.S.C. Section 1961(3) and 1964(c).

48.    All Defendants, in their individual capacities and for their individual interests, at various
times unknown to Plaintiffs engaged in the formation and continued operation of a conspiracy
with each other to obtain monies from Plaintiffs and other real property owners.

49.     Upon information and belief and upon such basis Plaintiffs alleges that Defendants, through their authorized agents, and by and through their policies that govern their agents and associates, instituted a program of increasing profits by encouraging malicious, egregious, grossly inequitable, willful and deliberate conduct to induce Plaintiffs and other real property owners into unlawfully execute false loan documents, promissory notes and deeds of trust, that Defendants and their agents engaged in unlawful business practices and predatory lending practices to induce Plaintiffs into executing the aforementioned documents, that Defendants and their agents failed to orally disclose the terms of the transactions and counsel their fiduciaries, that Plaintiffs were induced into executing these instruments by misrepresentations, fraud and deceit, and that there were additional violations of statutory and non-statutory authority in the execution and delivery of these instruments and. due to such acts and omissions, the instruments are null and void.

50.     Plaintiffs are informed and believe and on such basis allege that Defendants and each of them conspired together to divest Plaintiffs of their property and to be facing destitution, homelessness and penury, all for Defendants' benefit. Plaintiffs allege upon information and belief, all of said Defendants shared a common purpose and engaged in prohibited activities under 18 U.S.C. Sections 1341, 1343, 1503, 1510, and 1511.

51.     Plaintiffs alleges upon information and belief that the Defendants further conspired against Plaintiffs and other real property owners by engaging in a cover up that involved the use of the telephone and the mail. The Defendants, in fact, were an enterprise within the meaning of 18 U.S.C. Sections 1961(4) and 1962(c).

52.     Plaintiffs allege upon information and belief, each Defendant was associated with the functioning of the enterprise, the activities of which affected interstate commerce within the meaning of 18 U.S.C. Section 1961(5).

53.     Plaintiffs allege upon information and belief, each Defendant conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs, and conspired to do so, through a pattern of racketeering activity within the meaning of 18 U.S.C. Section 1951(5), including but

not limited to: Mail fraud in violation of 18 U.S.C. Section 1341; Wire fraud in violation of 18

U.S.C. Section 1343; and Obstruction of justice in violation of 18 U.S.C. 1503.

Plaintiffs were injured by the acts of all Defendants named in the Complaint and by DOE

Defendants 1 through 100, in an amount to be determined at the time of trial.

54.     As a proximate result of Defendants' conspiracy to harm Plaintiffs and other real property

owners and Defendants' wrongful acts carried out pursuant to their conspiracy, Plaintiffs have

been damaged in an amount to be proved at the time of trial.

55.     Plaintiffs request treble damages pursuant to 18 U.S.C. Section 1961, et. seq.

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF THE FEDERAL TRUTH-IN-LENDING ACT**
**15 U.S.C. SECTION 1601 et. seq.**
**(Against all Defendants)**

56.     Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as

though fully set forth at this place.

57.     This action is filed under the Truth in Lending Act, 15 U.S.C. Sections 1601 et. seq.

("TILA") to enforce Plaintiffs' right to void any security interest in the Subject Property claimed

by Defendants, and to recover reasonable attorney's fees and costs by reason of Defendants'

violations of TILA and Regulation Z, 12 C.F.R. 226 et. seq. ("Regulation Z").

58.     At all times hereto, Defendants, in the ordinary course of their businesses regularly

extended or offered to extend consumer credit for which a finance charge is or may be imposed

or by written agreement which is payable in more than four installments.

59.     As alleged above, Defendants entered into a consumer credit transaction wherein said

Defendants extended to Plaintiffs consumer credit in the form of a loan which was subject to a

finance charge.

60.     As part of the loan, Defendants obtained a security interest in the Subject Property

through a Deed of Trust.

61.     The loan was subject to Plaintiffs' right to rescission as described by Section 125 of TILA

(15 U.S.C. Section 1635(a) and Regulation Z Section 226.23(b).

62.     In the course of the transaction for the loan, Defendants violated Regulation Z Section 226.23(c) by failing to properly deliver proper TILA Disclosures thereby tolling Plaintiffs right to rescind the loan.

63.     In the course of the transaction for the loan, Defendants violated 15 U.S.C Section 1632 by failing to properly make the required material disclosures of the terms of said loans, including but not limited to, Annual Percentage Rate, Finance Charge, and Total Payments etc. to Plaintiffs.

64.     On information and belief, the Defendant unnamed and unidentified successors took beneficial interest, respectively, in the loan and took subject to all of Plaintiffs' claims and defenses under TILA.

65.     Because of the above-mentioned violations, Plaintiffs have a continuing right to cancel the instruments pursuant to 15 U.S.C. Section 1635(a) and Regulation Z 12 C.F.R. Section 226.23(a) (3).

66.     As a result of these violations of TILA and Regulation Z, pursuant to Sections 125(a), 129 and 15 U.S.C. Sections 1635(a), 1640(a), Defendants are liable to Plaintiffs in their respective loans for cancellation of the loan; Termination of any security interest in the Subject Property created under the Deed of Trust, and their progeny, including the Notices of Default, the Trustee's Sale, and the Trustee's Deed Upon Sale.

## EIGHTH CAUSE OF ACTION
### VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)
### 12 U.S.C. SECTION 2601 et. seq.
### (Against all Defendants)

67.     Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

68.     This action is filed under the Real Estate Settlement Procedures Act of 1974 (RESPA), as amended, 12 United States Code section 2601 et. seq.

69.     At all times hereto, Defendants, in the ordinary course of their businesses regularly serviced consumer loans subject to RESPA.

70.     As alleged above, Defendants allegedly entered into a consumer loan transaction and obtained a security interest in the Subject Property by virtue of the Deed of Trust.

71.     On information and belief, Defendants unnamed and unidentified successors took beneficial interest, respectively, in the loans and took subject to all of Plaintiffs' claims and defenses under RESPA. In the course of the transaction for the loan, Defendants violated Section 8(a) of RESPA which prohibits both the giving and acceptance of "any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service...shall be referred to any person" [12 U.S.C. Section 2607(a)], including but not limited to, by unnecessarily driving up settlement costs, by failing to disclose business relationships between service providers, by failing to properly follow notice of transfer provisions, by failing to properly inform Plaintiffs about all closing costs.

72.     As a proximate result of Defendants' violations of RESPA, Plaintiffs was injured in an amount to be determined at time of trial Plaintiffs request treble damages pursuant to RESPA.

## NINTH CAUSE OFACTION
### FOR CANCELLATION BASED ON FRAUD AND
### IMPOSSIBILITY OF PERFORMANCE
**(Against all Defendants)**

73.     Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

74.     Because Plaintiffs lacked ability to perform the loan as alleged herein and Defendants fabricated and submitted falsified loan application documents, any loan contracts or Promissory Notes entered into are null and void from their inception based on impossibility of performance, a material and substantial circumstance Defendants in fact created at time of contract.

75.     Because the loan contracts and Promissory Notes are null and void, Plaintiffs seek to cancel the subject Note and Deed of Trust.

///

///

///

## TENTH CAUSE OF ACTION
### DEMAND FOR AN ACCOUNTING
#### (Against all Defendants)

76.     Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

77.     The true amount of money, if any, owed to defendants by Plaintiffs is unknown as defendants allege different figures for the payoff of the loan that Plaintiffs contend is owed. Prior to filing this action Plaintiff requested copies of their entire file from defendants. Defendants have failed and refused to respond to said request and have violated the provisions state and federal law which require the providing of loan file contents upon proper request by a trustor (debtor).

78.     What Plaintiffs owe to the ultimate true note holder on the property, if anything, cannot be determined without an accounting. Accordingly, Plaintiffs seek an accounting from defendants and the true note holder so that if any money is due and payable to defendants the true amount can factually be determined and Plaintiffs can then be in a position to tender the true sums due to the factual note holder.


## ELEVENTH CAUSE OF ACTION
### RESCISSION
#### (Against all Defendants)

79.     Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

80.     Defendants have a pattern and practice in the home loan industry, including the making of the loan and contract in this action, used deceit and misrepresentation to lull borrowers into real estate loans by steering them into loans that have low teaser rates and negative amortization rates with immediate provisions for interest rate adjustment that quickly raise the monthly payments to an amount higher than the borrower is able to pay. Moreover the loans, including the loan which is the subject of this Complaint, contain unreasonable and unconscionable terms.

81.     Plaintiff is informed and believes and thereon alleges that Defendants placed her into a sub-prime and predatory loan designed to extract the maximum amount of money from Plaintiffs

and with the maximum penalties and costs, when in fact Plaintiffs based upon their financial and credit condition, at the time of the loan, qualified for better terms and conditions and for a loan that would not have been in a category that created high adjustable rate interest increases and negative amortization payments.

82.     Plaintiff, on information and belief, further alleges that GAP FUND, GAP MANAGERS, SEASIDE, and other Doe defendants committed fraud by intentionally misappraising Plaintiff's home for the renegotiation price that the loan officer wanted and that it is a common practice by Defendants and designed to provide a way for Defendants to get the amount of a loan without the knowledge of borrowers, including Plaintiff.

83.     Plaintiff, on information and belief, further alleges that Defendants and each of them violated disclosure laws during the closing of the loan, which is the subject of this action in that failed to provide required escrow closing statements in the form and manner required by law. Said disclosures are required in order to avoid fraud upon borrowers and to disclose the expenses, costs and fees associated with the loan closing process and to inform borrowers such as Plaintiff with the actual costs of the loan closing. Defendants intentionally and deceitfully failed to provide said reports all with the intent to deceive, mislead and commit a fraud upon Plaintiffs and in fact did commit a fraud.

84.     The manner in which all defendants have conducted themselves is a threat upon the public safety of the people of the state of California and subjects such contracts, as well as the subject contract of this action to rescission.

85.     At the time of entering into the contract and placement of the loan, Plaintiff was ignorant of the true facts and the intent of Defendants and Doe defendants herein and had no reason to know of such fraud and deceitful acts and justifiably relied upon said defendants to comply with the law and to be fair with Plaintiff. Defendants had a fiduciary duty to act with fairness toward Plaintiff, to comply with the law governing real estate loans and to not do anything to harm Plaintiff or knowingly place Plaintiff in a position that would ultimately be detrimental to her. Plaintiff became aware of the grounds for rescission when Plaintiff sought to workout a plan of restructuring the loan note with defendants in approximately mid-2008.

86.     By the commission of the acts complained of herein, GAP FUND, GAP MANAGERS, and SEASIDE perpetrated fraud and misrepresentation against Plaintiff and breached their fiduciary duty of good faith and fair dealing to Plaintiff.

87.     Plaintiff, because of the fraud, breach of fiduciary duty and the unfair and unlawful business practice of Defendants have rescinded the contract between her and said defendants, their successors, assigns, obligees, trustees and transferees of the note contract.

88.     As provided by law Plaintiff declares the contract, which is the subject of this action, void, voidable and rescinded pursuant to California Civil Code section 1689(b) (1)(5)(6).

89.     Plaintiff, by the filing and service of this action, as allowed by law, rescinds the contract underlying the real property in this action.  Service of this Complaint as provided for in California Civil Code section 1691(b).

90.     Plaintiff, pursuant to California Civil Code section 1691 by the notice provided to defendants and by this Complaint offer to restore to defendants the subject property in return for defendants return to Plaintiff all monies paid to defendants in connection with the placement of the loan, down payments, service of the loan, loan payments made, improvements made to the property and other such costs and expenses Plaintiff has paid in connection with the maintenance and upkeep of the property.

91.     Plaintiff seeks relief by way of rescission as provided for in California Civil Code section 1692.

92.     During the pendency of this action for rescission Plaintiff also seeks immediate injunctive relief by way of an order prohibiting defendants and each of them from executing on the judgment purportedly and wrongfully obtained in the unlawful detainer action on the subject property and requiring defendants to restore all that Plaintiff is entitled to under rescission of the contract.

## TWELFTH CAUSE OF ACTION
### REFORMATION OF UNCONSCIONABLE CONTRACT
#### (Against all Defendants)

93.     Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

94.     The actions of the defendants and each of them are unfair, unlawful and create such a one

sided agreement that it should be reformed by the court as provided under Uniform Commercial

Code sections 2-302 and 2A-108 which allows a court to refuse to enforce unconscionable

contracts or contract terms.  Defendants' actions amount to unjust enrichment and must be

prevented in order for justice and equity to prevail

## THIRTEENTH CAUSE OF ACTION
### UNFAIR AND UNLAWFUL BUSINESS PRACTICE
### (BUSINESS AND PROFESSION CODE §17,200 ET SEQ.)
### (Against all Defendants)

95.     Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as

though fully set forth at this place.

96.     The actions of defendants GAP FUND, GAP MANAGERS and SEASIDE are unlawful,

deceitful and unfair and said actions violate the public policy of the state of California and the

unfair and unlawful business practice prohibitions of Business and Professions Code Section

17,200 et. seq. Plaintiffs' allegations herein are based upon California statutes allowing the

bringing of actions based upon violations of any regulation and/or statute (state or federal) where

such actions are unfair, unlawful, and/or fraudulent.

97.     The acts of defendants that constitute violations of section 17,200 of the California

Business and Professions Code are those alleged herein as well as the following unlawful, unfair

and/or fraudulent business practices:

a.  Failing and refusing to comply with California Civil Code section 1788 et. seq, regarding fair

debt collection in the state of California in that defendants failed and refused to comply with

California Civ. Code 1788.17 which subsumes 15 USC 1692g regarding validation of a debt.

b.  Misrepresenting to Plaintiffs material facts of the loan and steering them into a negative

amortization loan that was improvident for Plaintiffs to enter into.

c.  Failing to follow the procedural requirements of foreclosure;

d.  Failing to provide responses and documentation as required by California Civil Code section

2943 et. seq.

98.   Defendants actions as complained of herein demonstrate a pattern and practice of unlawful and unfair business practices perpetrated upon a large portion of the consuming public inclusive of Plaintiffs herein. Such pattern and practice is so grievous that it constitutes an unconscionable act.

## FOURTEENTH CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against all Defendants)

99.   Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

100.   Defendants and each of them, under the terms of the contract note and the understanding between the parties, had a duty of good faith and fair dealing with Plaintiffs in the execution and carrying out of the terms and conditions of the contract.

By way of the acts alleged herein defendants breached their duty of good faith and fair dealing all to Plaintiffs' damage in an amount to be determined at time of trial.

## FIFTEENTH CAUSE OF ACTION
## UNFAIR DEBT COLLECTION PRACTICES
### (Against all Defendants)

101.   Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

102.   Plaintiffs are informed and believe, and thereupon allege that the Defendants and each of them, in taking the actions aforementioned, have acted as a debt collector as those terms are defined under, but not limited to, California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788.2, and the Federal Fair Debt Collections Act, 15 U.S.C. § 1692a.

103.   By way of the acts alleged herein Defendants violated California Rosenthal Fair Debt Collections Practices Act the Federal Fair Debt Collections Act 15 U.S.C. §1692a all to Plaintiffs' damage in an amount to be determined at the time of Trial.

///

///

## SIXTEENTH CAUSE OF ACTION
## PREDATORY LENDING PRACTICES
### (Against all Defendants)

104.    Plaintiffs reallege and incorporate by reference the allegations in all paragraphs above as though fully set forth at this place.

105.   Plaintiffs are informed and believe, and thereupon allege that GAP FUND and/or GAP MANAGERS has/have engaged in predatory lending practices with respect to Plaintiffs in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. 5 § 1637, the Truth in Lending ct ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Ct ("FTC Act"), 15 U.S:C.§4 1-58, the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint then ascertained.

106.    One or more of the predatory lending practices referred to in the previous paragraph permits, under the law, one or more defenses or remedies, the specifics of which will be alleged by amendment to this complaint when ascertained.

107.    Based on the actions by the defendants individually and collectively defendants should be enjoined from conducting business to the detriment of Plaintiffs and others similarly situated and defendants, individually and collective should be enjoined from executing on the judgment wrongfully obtained in that action entitled Gap Fund, LLC vs. MARTINO, et al, San Diego Superior Court case no. 37-2009-00037989-CL-UD-NC, and to provide restitution to Plaintiffs according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

ON THE FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF:

1. That Defendants, and each of them, and each of their agents, attorneys, successors, and representatives, and all persons acting in concert or participating with them, be enjoined from removing, evicting, or in any way interfering with Plaintiffs' quiet and exclusive possession and occupancy of the Subject Property whether by an unlawful detainer court action, or otherwise; and be restrained and enjoined during the pendency of this action

from executing on the purported judgment wrongfully obtained in that unlawful detainer action entitled <u>Gap Fund, LLC vs. MARTINO, et al</u>, San Diego Superior Court case no. 37-2009-00037989-CL-UD-NC.

2. For such other and further relief as the Court deems just and proper.

ON THE SECOND CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY:

1.   For damages according to proof;

2.   For exemplary and punitive damages, according to proof;

3.   For prejudgment interest;

4.   For attorney's fees;

5.   For costs of suit incurred; and

ON THE THIRD CAUSE OF ACTION FOR FRAUD:

1.   For damages according to proof;

2.   For exemplary and punitive damages, according to proof;

3.   For costs of suit incurred herein; and

4.   For such other and further relief as the Court deems just and proper.

ON THE FOURTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:

1.   For damages according to proof;

2.   For general damages;

3.   For costs of suit incurred herein; and

4.   For such other and further relief as the Court deems just and proper.

ON THE FIFTH CAUSE OF ACTION FOR NEGLIGENCE:

1.   For damages according to proof;

2.  For general damages;

3.  For interest at the legal rate according to proof;

4.  For costs of suit incurred herein.

ON THE SIXTH CAUSE OF ACTION CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO):

1.  For damages according to proof;

2.  Plaintiffs request treble damages pursuant to 18 U.S.C. Section 1961, et. seq.

3.  For costs of suit incurred herein.

ON THE SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE TILA:

1.  For cancellation of the loan;

2.  That the Court declare the security interest void, and to cancel the Deed of Trust, the Notice of Default, the Notice of Trustee's Sale, and the Trustee's Deed Upon Sale;

ny statutory or actual damages available under TILA;

3.  For reasonable attorney's fees and costs as provided under 15 U.S.C. Section 1640(a).

ON THE EIGHTH CAUSE OF ACTION UNDER RESPA:

1,  For damages according to proof;

2,  Plaintiffs request treble damages pursuant to 12 U.S.C. 2607(d)(2);

3,  For any statutory damages available under RESPA;

4,  For attorney's fees under RESPA;

5,  For costs of suit incurred herein; and

6,  For such other and further relief as the Court deems just and proper.

ON THE NINTH CAUSE OF ACTION FOR CANCELLATION BASED ON IMPOSSIBILITY:

1.   That this Court enter an order and judgment declaring that the loan, including the Note and Deed of Trust and Trustee's Deed on Sale are void; and

2.   For such other and further relief as the Court deems just and proper.

ON THE TENTH CAUSE OF ACTION FOR ACCOUNTING:

1.  For an accounting of the rights and obligations of the parties; and

2.  For such other and further relief as the Court deems just and proper.

ON THE ELEVENTH CAUSE OF ACTION FOR RESCISSION:

1.  For a declaration that the contract which is the subject of this action has been and is rescinded;

2.  For return of all monies paid to Defendants in connection with the placement, of the loan, and all other costs and expenses Plaintiff paid in connection with the loan; and

3.   For an order prohibiting defendants from executing on the judgment wrongfully obtained in that unlawful detainer action entitled <u>Gap Fund, LLC vs. MARTINO, et al</u>, San Diego Superior Court case no. 37-2009-00037989-CL-UD-NC.

ON THE TWELFTH CAUSE OF ACTION FOR REFORMATION:

1,  For reformation of the unconscionable contract, and/or a declaration refusing to enforce the terms of the contract pursuant to UCC sections 2-302 and 2A-108;

2. For costs of suit incurred herein; and

3,  For such other and further relief as the Court deems just and proper.

ON THE THIRTENTH CAUSE OF ACTION UNDER B&P CODE § 17,200 ET SEQ:

1.   For damages according to proof;

2,   For statutory damages available under 17,200 et seq;

3.  For attorney's fees under 17,200 et seq;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

ON THE FOURTEENTH CAUSE OF ACTION FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING:

1. For damages according to proof;

2. For exemplary and punitive damages, according to proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

ON THE FIFTEENTH CAUSE OF ACTION FOR UNFAIR DEBT COLLECTION PRACTICES

1. For statutory damages;

2. For exemplary and punitive damages, according to proof;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

ON THE SIXTEENTH CAUSE OF ACTION FOR PREDATORY LENDING PRACTICES

1. For statutory damages under the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. 5 § 1637, the Truth in Lending ct ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and/or the Federal Trade Commission Ct ("FTC Act"), 15 U.S:C.§4 1-58;

2. For an order enjoining Defendants, and each of them, from executing on the judgment wrongfully obtained in that action entitled Gap Fund, LLC vs. MARTINO, et al, San Diego Superior Court case no. 37-2009-00037989-CL-UD-NC, and to provide restitution to Plaintiffs according to proof.

ON ALL CAUSES OF ACTION:

1.  For costs of suit herein incurred; and

2.  For reasonable attorney fees; and

3.  For such other and further relief as the court deems just and proper.


Dated this 26th day of May 2009.

Samuel Kelsall V, Esq.
KELSALL & ASSOCIATES PC
Attorney for Plaintiffs

COMPLAINT - 25

(1)

3

**408**

THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE STATE OF CALIFORNIA, CITY OF OCEANSIDE, COUNTY OF SAN DIEGO AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 4 OF TRACT NO. T-6-99, SUNWEST VILLAGE UNIT II, IN THE CITY OF OCEANSIDE, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 14246, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY ON JULY 10, 2001.

EXCEPTING THEREFROM; ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, AND OTHER HYDROCARBON SUBSTANCES BY WHATEVER NAME KNOWN, TOGETHER WITH APPURTENANT RIGHTS THERETO, WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING ABOVE A DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED IN INSTRUMENTS OF RECORD.

PARCEL 2:

NON-EXCLUSIVE EASEMENTS FOR USE, INGRESS, EGRESS, ACCESS, REPAIR, DRAINAGE, ENCROACHMENT, OR OTHER PURPOSES, ALL AS DESCRIBED AND/OR DEPICTED IN THE "DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR CANYON CREST" RECORDED ON JULY 10, 2002 AS INSTRUMENT NO. 2001-0473829, THE "FIRST AMENDMENT TO THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR CANYON CREST" RECORDED ON AUGUST 20, 2001 AS INSTRUMENT NO. 2001-0590607, THE "SECOND AMENDMENT TO THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR CANYON CREST" RECORDED ON SEPTEMBER 20, 2001 AS INSTRUMENT NO. 2001-0676838 AND RE-RECORDED ON DECEMBER 6, 2001 AS INSTRUMENT NO. 2001-0894402, THE "THIRD AMENDMENT TO THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR CANYON CREST" RECORDED ON JANUARY 24, 2002 AS INSTRUMENT NO. 2002-0061284 AND THE "NOTICE OF ANNEXATION FOR PHASE 6 OF CANYON CREST" RECORDED ON MARCH 12, 2002 AS INSTRUMENT NO. 2002-0208761, ALL IN THE OFFICIAL RECORDS OF SAN DIEGO COUNTY, CALIFORNIA, AS EACH MAY BE AMENDED, MODIFIED AND/OR RE-RECORDED FROM TIME TO TIME (COLLECTIVELY REFERRED TO AS THE "DECLARATION").

PARCEL 3:

A NON-EXCLUSIVE EASEMENTS APPURTENANT TO SUCH LOT FOR INGRESS AND EGRESS, ACCESS, USE AND ENJOYMENT ON, OVER AND ACROSS THE COMMON AREA WITHIN THE PROJECT, AS MORE PARTICULARLY DESCRIBED AND/OR DEPICTED IN THE DECLARATION.

EXHIBIT "A"

LN# 1097

## INTEREST ONLY NOTE

U.S.S   320,000.00

COSTA MESA,  CALIFORNIA
[CITY]                    [STATE]

August 1, 2007

FOR VALUE RECEIVED, the undersigned ("Borrower") promise(s) to pay
**GAP FUND, LLC., CFL LICENSE NO. 603D218**

, or order, the principal sum of

**THREE HUNDRED TWENTY THOUSAND AND NO/100** ------------------------------------------------

Dollars, with

interest on the unpaid principal balance from the date of this Note, until paid, at the rate of    **11.000**
percent per annum. Interest shall be payable at    **3151 AIRWAY AVENUE, SUITE P2**
**COSTA MESA, CA 92626**                                          or such other place as the Note holder may
designate, in consecutive monthly installments of

**TWO THOUSAND NINE HUNDRED THIRTY THREE AND 33/100** ----------------------------------------

Dollars (U.S.S    **2,933.33**     ), on the
**1ST** day of each month beginning,   **October 1, 2007**          .  Such monthly installments shall continue until
**September 1, 2027**       at which time the outstanding principal balance of the indebtedness evidenced by this Note shall also
become due and payable.

If any monthly installment under this Note is not paid prior to the due date of the next monthly payment, the entire principal amount outstanding and
accrued interest thereon shall at once become due and payable at the option of the Note holder. The Note holder may exercise this option to accelerate
during any default by Borrower regardless of any prior forbearance If suit is brought to collect this Note, the Note holder shall be entitled to collect
all reasonable costs and expenses of suit, including, but not limited to, reasonable attorney's fees.

Borrower shall pay to the Note holder a late charge of   **10.000**      percent of any monthly installment not received by the Note holder within
**10**        days after the installment is due.

Borrower may prepay the principal amount outstanding in whole or in part without penalty. Any partial prepayment shall be applied against the principal
amount outstanding and shall not postpone the due date of any subsequent monthly installments. The amount of such installments shall however be
changed accordingly.

Presentment, notice of dishonor, and protest are hereby waived by all makers, sureties, guarantors and endorsers hereof. This Note shall be the joint
and several obligation of all makers, sureties, guarantors and endorsers, and shall be binding upon them and their successors and assigns.

Any notice to Borrower provided for in this Note shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address
stated below, or to such other address as Borrower may designate by notice to the Note holder. Any notice to the Note holder shall be given by mailing
such notice by certified mail, return receipt requested, to the Note holder at the address stated in the first paragraph of this Note, or at such other address
as may have been designated by notice to Borrower.

The indebtedness evidenced by this Note is secured by a Deed of Trust, dated   **August 1, 2007**        , and reference is made to the
Deed of Trust  for rights as to acceleration of the indebtedness evidenced by this Note, including paragraph 17 which provides as follows:
"Transfer of the Property; Assumption, If all or any part of the Property or an interest therein is sold or transferred by Borrower
without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) the
creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon
the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender
may, at Lender's option, declare all the sums secured by this Deed of Trust to be immediately due and payable. Lender shall have waived
such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach
agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this
Deed of Trust shall be at such rate as Lender shall request. If Lender has waived the option to accelerate provided in this paragraph
17 and if Borrower's successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender shall
release Borrower from all obligations under this Deed of Trust and the Note. If Lender exercises such option to accelerate, Lender shall
mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30
days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior
to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by
paragraph 18 hereof."

This Note is subject to Section 2966 of the Civil Code, which provides that the holder of this Note shall give written notice to the trustor, or his successor
in interest, of prescribed information at least 90 but not more than 150 days before any balloon payment is due.

**920 GLENDORA DRIVE**
**OCEANSIDE, CA 92057**
                                        **[PROPERTY ADDRESS]**

_____
**SANDRA GALE MARTINO**

(EXECUTE ORIGINAL ONLY)

EXHIBIT "B"

## DECLARATION OF SERVICE BY MAIL

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I, RITA RUIZ, am employed in the aforesaid County of Orange, State of California.  I am over the age of 18 years and not a party to the within action; my business address is:

8180 East Kaiser Boulevard
Suite 100
Anaheim Hills, California 92808

On September 17, 2009, I served the foregoing document described as **NOTICE OF REMOVAL** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope addressed as follows:

Samuel Kelsall V
KELSALL & ASSOCIATES PC
2921 Roosevelt Street
Carlsbad, CA 92008

I caused such envelope with postage thereon fully paid to be placed in the United States mail at Anaheim Hills, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U. S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED September 17, 2009,  at Anaheim Hills, California.

RITA RUIZ

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005452
Cashier ID: sramirez
Transaction Date: 09/22/2009
Payer Name: LANE AND GULINO ATTYS AT LAW
--------------------------------
CIVIL FILING FEE
 For: MARTINO V. GAP FUND
 Case/Party: D-CAS-3-09-CV-002064-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 1136
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Sandra Gale Martino, et al

**DEFENDANTS**

GAF Fund, LLC, et al

FILED

SEP 21 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff   **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Samuel Kelsall V, Esq
Kelsall & Associates, PC
2921 Roosevelt Street
Carlsbad, CA 92008
(760) 434-2100

Attorneys (If Known)
Robert T. Lane
Lane & Gulino
8180 E. Kaiser Boulevard, Suite 100
Anaheim Hills, CA 92808
(714) 282-2432

'09 CV 2064 JM   BLM   CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Med. Malpractice | ☐ 625 Drug Related Seizure     28 USC 157 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |      Liability / ☐ 365 Personal Injury - |     of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|     & Enforcement of Judgment |      Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |     Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |      Liability      Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|     Student Loans | ☐ 340 Marine    **PERSONAL PROPERTY** |     Safety/Health | | ☐ 490 Cable/Sat TV |
|     (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |      Liability / ☒ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |     Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle      Property Damage |     Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |      Product Liability / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |     12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |      Injury |     & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment      Sentence | ☐ 791 Empl. Ret. Inc. |     or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    **Habeas Corpus:** |     Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |      Accommodations / ☐ 530 General | |     26 USC 7609 |     Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |     Under Equal Access |
| |      Employment / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | |     to Justice |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition |     Alien Detainee | | ☐ 950 Constitutionality of |
| |      Other | ☐ 465 Other Immigration | |     State Statutes |
| | ☐ 440 Other Civil Rights |     Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
       Proceeding

☒ 2 Removed from
       State Court

☐ 3 Remanded from
       Appellate Court

☐ 4 Reinstated or
       Reopened

☐ 5 Transferred from
       another district
       (specify)

☐ 6 Multidistrict
       Litigation

☐ 7 Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1601

Brief description of cause:
Truth In Lending Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
09/21/2009

SIGNATURE OF ATTORNEY OF RECORD

, Deputy Clerk

**FOR OFFICE USE ONLY**

RECEIPT # 5452   AMOUNT 350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____