1
2
3
4
5

**ROBERT T. LANE, State Bar No. 120616**
**JOHN J. GULINO, State Bar No. 160189**
**LANE & GULINO**
**8180 E. Kaiser Boulevard**
**Suite 100**
**Anaheim Hills, CA 92808**
**(714) 282-2432**
**FAX (714) 283-9073**

6   Attorneys for Defendant
    GAP FUND, LLC

7

8

9                   UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| SANDRA GALE MARTINO, an individual,<br>RONALD ANTHONY VANSTRALENDORFF,<br>an individual, | NO. 09-CV-2064-JM BLM |
| Plaintiffs, | NOTICE OF MOTION AND<br>MOTION TO DISMISS<br>PLAINTIFF'S COMPLAINT FOR<br>FAILURE TO STATE A CLAIM<br>UPON WHICH RELIEF CAN BE<br>GRANTED OR, IN THE<br>ALTERNATIVE, FOR A MORE<br>DEFINITE STATEMENT |
| vs. | |
| GAP FUND, LLC, a business entity of<br>unknown form, GAP MANAGERS, INC., a<br>California corporation, FCI LENDER<br>SERVICES, INC., FKA FCI NATIONAL<br>LENDER SERVICES, a California<br>corporation, SEASIDE LENDING, INC.,<br>a California corporation, and Does 1<br>through 100, inclusive, | [FRCP Rule 12(b)(6), (e)]<br><br>Date: 1/22/2010<br>Time: 1:30 p.m.<br>Ctrm: 16 |
| Defendants. | |

22

23      **TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF**

     **RECORD:**

24

25      **PLEASE TAKE NOTICE** that on January 22, 2010 at 1:30 p.m. of

26   the above-entitled Court located at 880 Front Street, San Diego,

     California, Defendant, GAP FUND, LLC ("GAP FUND") by and through

27   its attorneys of record, Lane & Gulino, will move this Court for

28   an Order dismissing it from the Complaint pursuant to Rule

                                  -1-

12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") for failure to state a claim upon which relief can be granted.  This motion will be made on the grounds that, after reviewing the non-conclusive allegations of the Complaint, Plaintiffs have failed to plead the essential facts which give rise to their claims and/or the claims are (1) barred on their face and/or (2) as a result of matter which may be judicially noticed by the Court.

**PLEASE TAKE FURTHER NOTICE** that, in addition to the above, GAP FUND will alternatively move this Court for an Order requiring Plaintiffs to provide a more definite statement of their claims pursuant to FRCP 12(e).

These Motions are based upon this Notice, the supporting memorandum of points and authorities set forth herein, the Request for Judicial Notice filed concurrently herewith, the files and records in this action, the oral argument of counsel, if any, and such further evidence as may be presented.


DATED: December 17, 2009     LANE & GULINO



_____s/_____
ROBERT T. LANE
JOHN J. GULINO
Attorneys for Defendant,
GAP FUND, LLC

-2-

Case No. 09-CV-2064-JM-BLM                    Martino v. Gap Fund, LLC, et al.
                                      Motion to Dismiss for Failure to State a Claim, etc.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

GAP FUND submits that the instant Complaint is a now all-to-common generic claim brought in an effort to stall or delay the rightful foreclosure and/or post-foreclosure eviction process. The fact that these nearly identical frivolous complaints are being filed routinely is evidence that they are without merit. Among other things, plaintiffs claim violations of the Federal Truth In Lending Act ("TILA") and the Real Estate Settlement and Procedures Act ("RESPA") and seek rescission.   In addition, Plaintiffs assert a total of sixteen causes of action all of which are based upon vague generalities and conclusions which fail to state a claim as against this defendant.

Plaintiff alleges that during the loan origination process, her mortgage broker, apparently with her concurrence, falsified her loan application, inflating her gross income.  Plaintiff also alleges that the broker and the lenders are liable to the plaintiff since "rather than making prudent changes to minimize risks as would be expected of legitimate Mortgage Lenders, Defendants created ever riskier loan programs to feed eagerly their appetite for huge profits."  Plaintiff further claims that these defendants (no specific defendant is identified) failed to inform the plaintiff of the "imminent meltdown of Defendants' moneymaking scam and the devastation it would cause the housing market . . ."  Plaintiff claims that the defendants (again, no specific defendant) advised the plaintiff to enter into an unconscionable loan.

Plaintiff appears to assert that the mortgage broker

-3-

misrepresented material terms to her and, as a result, the loan should be rescinded and the foreclosure process reversed. Plaintiff appears to be asserting that the foreclosure requirements have not been followed or that the loan was procured by some unspecified fraud.  However, plaintiff is not entitled to rescission under TILA, nor has the plaintiff stated a valid claim against this defendant.  For the reasons stated following, defendant GAP FUND requests that the Court grant its Motion to Dismiss with prejudice.

## II. STATEMENT OF FACTS

Plaintiff claims that in July of 2007 she was "solicited" by Defendant SEASIDE to refinance her existing loan on the property at 920 Glendora Dr., Oceanside, California ("the Property").  Even though the plaintiff's monthly income was approximately $2100, SEASIDE assured plaintiff that she could qualify for the loan. Relying upon the assertion that the SEASIDE representative told her she could qualify for the loan and actually receive cash back from the lender, plaintiff signed the loan documents.

The complaint asserts that less than a year after the loan was made, plaintiff defaulted on her payments.  A non-judicial foreclosure followed and the property was sold at a trustee's sale on November 5, 2009.  Plaintiff refused to vacate and an Unlawful Detainer action followed.  Plaintiff asserted no defenses to the Unlawful Detainer action but simply requested additional time to vacate.  (See Request for Judicial Notice) Judgment was rendered in favor of the Unlawful Detainer plaintiff and the plaintiff in this action, and her husband, no longer have possession of the property.

### III. DISCUSSION

**A.   The Standard To Be Applied To A Motion to Dismiss.**

It is well established that a complaint must be dismissed pursuant to *FRCP*, Rule 12(b)(6) if it appears that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. [*Conley v. Gibson* (1957) 355 U.S. 41, 45-46]. A complaint may be dismissed as a matter of law under Rule 12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient facts under a cognizable legal claim. [*Robertson v. Dean Witter Reynolds, Inc.* 749 F.2d 530, 533-534 (9th Cir. 1984); *Balisteri v. Pacifica Police Department*, 901 F.2d 696, 699 ((th Cir. 1990)] Factual allegations must be enough to raise a right to relief above the speculative level and more than labels and conclusions, and a formulaic recitation of the elements of a cause of action must be alleged. [*Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007)]

Where allegations in the pleadings and exhibits conflict, the exhibits control.  The Court may not supply essential allegations of the claim that are not initially pled; however, all well pled facts are deemed true.  Conclusory allegations, however,  are disregarded. [*Simmons v. Peavy-Welsh Lumber* 113 F. 2d 812, 813 (5th Cir. 1940); *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir. 1982; *Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir. 1986; *McCarthy v. Mayo,* 827 F.2d 1310, 1316 (9th Cir. 1987)] Thus, the liberality with which courts view pleadings cannot salvage a conclusive claim unsubstantiated by  facts. [*Western Mining Council v. Watt* 643 F.2d 618, 624 (9th Cir. 1981)]

Finally, the court does not have to accept alleged facts as

-5-

true when they contradict matters subject to judicial notice.
[*Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245 F.2d 67,
70 (9th Cir. 1956)

**B.   The Complaint Lacks A Claim Upon Which Relief Can Be Granted.**

The complaint purports to state sixteen causes of action,
each "against all defendants."  The facts asserted as against this
defendant fail to support any of these sixteen claims.  Those
claimed facts are these: GAP FUND is a "lender and/or loan
servicer"; plaintiff borrowed money from GAP FUND which loan was
evidenced by a promissory note and secured by a deed of trust
("the loan"); plaintiff defaulted on the loan; GAP FUND purchase
the property provided as security for the loan at a Trustee's Sale
following the plaintiff's default; plaintiff failed to vacate the
property following the Trustee's Sale; an unlawful detainer action
was filed by GAP FUND; judgment was entered in favor of GAP FUND
and against Plaintiffs in the unlawful detainer action.

Other than these facts, the remainder of plaintiff's
complaint is a compilation of editorial diatribe and unsupported
conclusions.  For example, plaintiff claims that "defendants'"
business practices regularly include taking advantage of
"confusion between the genuine business of Mortgage Lending and a
complicated but convincing moneymaking scam of selling or
securtizing in the secondary market fraudulent purchase-money
loans and re-finance loan deals that violate statutory and common
law standards and that use fictional accounting and imprudent
business practices to take advantage of unsophisticated borrowers
who Defendants knew, or should have known, could not repay the
loans . . ." [Complaint, paragraph 10].  What this language means

-6-

Case No. 09-CV-2064-JM-BLM                    Martino v. Gap Fund, LLC, et al.
                                     Motion to Dismiss for Failure to State a Claim, etc.

is left to conjecture; suffice it so say, however, there are absolutely no facts whatsoever alleged to support this rhetoric. Indeed, this language is the essence of plaintiff's claim; the defendants are part of a broad illegal scheme to lure potential borrowers into loans which are essentially self perpetuating and which take advantage of unsophisticated borrowers who do not know better.

Whether such claimed activity is redressable, plaintiff fails to allege any facts to support any claims as against this defendant, GAP FUND, LLC.

**C.   Plaintiff's claims for Breach of Fiduciary Duty, Fraud, Negligent Infliction of Emotional Distress, and Negligence are Defective.**

**Breach of Fiduciary Duty**

Based only on the facts identified earlier together with "non-factual" surmise, conjecture, and conclusory language, plaintiff asserts that GAP FUND is guilty of breach of fiduciary duty, fraud, negligent infliction of emotional distress, and negligence.

As a matter of law, there is no fiduciary relationship between a borrower and a lender. [*Kim v. Sumitomo Bank of California* (1993) 17 Cal. App. 4th 974, 979] A commercial lender is entitled to pursue its own economic interests in a loan transaction, which is inconsistent with the obligations of a fiduciary, who must knowingly subordinate its interest to act on behalf of another. [*Software Design & App. Ltd. v. Hoetler & Arnett, Inc.* (1996) 49 Cal. App. 4th 472]

–7–

**Fraud**

It is fundamental that fraud is not presumed.  Whenever it constitutes an element of a cause of action or is invoked as conferring a right, it must be alleged.  In alleging fraud a party must state with particularity the circumstances constituting the fraud.  A pleading satisfies the particularity requirement for fraud if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer. [Rule 9(b), *FRCP; Deutsch v. Flannery,* 823 F.2d 1361, 1365 (9th Cir. 1987); *Cooper v. Leslie Salt Co. (1969) 70 Cal. 2d 627, 636; Goldrich v. Natural Y Surgical Specialties, Inc. (1994) 25 Cal. App. 4th 772, 782-783*].  In pleading fraud, it is essential that the facts and circumstances constituting the fraud should be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he or she is called on to answer and to enable the court to determine if, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud [*Hannon v. Madden (1931) 214 Cal. 251, 267-268; Scafidi v. Western Loan & Bldg. Co. (1946) 72 Cal. App. 2d 550, 553*].

Plaintiff's complaint is utterly devoid of <u>any</u> facts to even suggest that GAP FUND has committed fraud.  The complaint alleges that "Defendants" knew or should have known that it was not possible for the plaintiff to pay the loan in controversy , that the loan was "unconscionable" and that the "defendants were pulling plaintiffs into a wave of bad loans created by the defendants . . ." [Complaint, paragraph 31]  Without addressing the obvious issue that there appears to be no claim that the plaintiff's signature on the loan was forged or that the plaintiff

-8-

was forced to sign the loan documents, there is absolutely no factual allegation that GAP FUND made any misrepresentation or failed to disclose any material fact. To the contrary, the complaint very specifically claims that defendant SEASIDE solicited the plaintiff and prepared the loan application and "necessary loan documents." [Complaint, paragraphs 14, 15, 16, 17] Nowhere in the complaint does the plaintiff identify any claimed activity by GAP FUND that plaintiff characterizes as "fraudulent."

## Negligent Infliction of Emotional Distress

To state a cause of action for negligent infliction of emotional distress, the complaint must allege facts to establish (1) the status, capacity, residence or place of business, and business of the defendant; (2) the facts showing the particular relationship of the parties, or the existence of a contract, or other facts establishing defendant's duty to exercise due care; (3) the facts establishing the foreseeability that plaintiff would suffer severe emotional distress and mental suffering if defendant breached its duty to plaintiff; (4) defendant's breach of duty; (5) the consequences proximately resulting from the breach; (6) plaintiff's detriment (severe emotional distress and mental suffering) proximately caused by the breach and consequences of the breach.

As with all of the claims set forth in plaintiff's complaint, there are absolutely no facts setting out GAP FUND'S breach of any claimed duty giving rise to plaintiff's severe emotional distress. Plaintiff simply claims that the "defendants falsely represented themselves to be a reputable institutional Mortgage lender" and that the "defendants" failed to exercise due care in the

-9-

performance of their duties causing the plaintiff severe emotional distress. [Complaint, paragraphs 38 and 39]. There are no facts at all setting out how GAP FUND breached any duty to the plaintiff causing emotional distress.

One court of appeal has stated that prior cases have permitted recovery on a direct-victim theory only if (1) a preexisting relationship exists, and (2) the defendant's conduct can be characterized as "outrageous" [*Bro v. Glaser (1994) 22 Cal. App. 4th 1398, 1440-1441, 27 Cal. Rptr. 2d 894*]. Plaintiff alleges no factual support for the claim that GAP FUND engaged in any form of "outrageous conduct."

### Negligence

The essential elements of actionable negligence include: (1) a defendant's legal duty to use due care, (2) a breach of that duty, (3) the breach as the proximate or legal cause of the resulting injury, and (4) actual loss or damage resulting from that injury. (*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc. (1970) 1 Cal. 3d 586, 594, 83 Cal. Rptr. 418, 463 P.2d 770* ; *Koepke v. Loo (1993) 18 Cal. App. 4th 1444, 1448-1449, 23 Cal. Rptr. 2d 34* ).

As with each of the causes of action asserted by the plaintiff, the complaint is devoid of any facts as against defendant GAP FUND. What the plaintiff attempts to do is to claim, generally, that the "defendants" committed some form of transgression. Such general, conclusory, and vague allegations do not suffice.

The complaint must disclose not only the essential elements of negligence, but also the evidence to support them, and the

-10-

absence of proof of any of those elements is fatal to a recovery. (*Means v. Southern Cal. Ry. Co. (1904) 144 Cal. 473, 478, 77 P. 1001* ; see   *Hutchison v. Southern Cal. First Nat'l Bank (1972) 27 Cal. App. 3d 572, 579-580, 103 Cal. Rptr. 816* ).

**D.**   **Plaintiff's Claims Cannot Constitute A Claim Under the Racketeer Influenced and Corrupt Organizations Act as The Complaint Alleges Noting More Than Ordinary Tort Causes of Action.**

Ordinary tort allegations, such as invasion of privacy, intentional infliction of emotional distress, and libel, do not constitute the type of conduct that the Racketeer Influenced and Corrupt Organizations (RICO) Act was intended to prohibit. As a matter of law, the plaintiff is limited to the relief available in tort and may not seek treble damages through an improper attempt to place a RICO label on tort claims (*Globe Int'l, Inc. v. Superior Court (1992) 9 Cal. App. 4th 393, 396-397*).

Although plaintiff's complaint fails to allege any facts to support claims against GAP FUND, even the factually unsupported claims asserted by the plaintiff do not rise to the level of RICO violations.

**E.**   **Plaintiff's TILA Claim is Defective.**

Any action under TILA for monetary damages must be brought within one year from the date of the occurrence of the claimed violation. [15 U.S.C. 1640(e)] This limitations period runs from the date of consummation of the transaction, which means "the time that a consumer becomes contractually obligated on a credit transaction." [*Monaco v. Bear Sterns Residential Mortg. Corp*. 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008). Except in rare circumstances, the commencement of the limitations period is

-11-

commensurate with the consummation of the transaction (i.e., there will be no "continuing violation" that will extend the limitations period). [*King v. State of California,* 784 F.2d 910, 925 (9th Cir. 1986).

Plaintiff alleges that she became contractually obligated on the Note secured by the deed of trust in 2007. [Plaintiff's complaint, paragraphs 14, 15] (See also defendant's Request for Judicial Notice) As identified on the defendant's Request for Judicial Notice, the note was actually executed on August 9, 2007. Plaintiff's complaint was filed in May of 2009, nearly two years following the execution of the Note.

Furthermore, in her eleventh cause of action, plaintiff seeks rescission of the Note and Deed of Trust.  To the extent that the plaintiff seeks rescission, 15 U.S.C. 1635(e)(1) expressly exempts a Residential Mortgage Transaction as defined by section 1602(w). [15 U.S.C. 1635(e)]

Moreover, any right that plaintiff may have had to rescind the Loan under TILA was extinguished when the foreclosure of the property was concluded.  The sale or transfer of a consumer's interest in property terminates the consumer's right to rescind. [15 U.S.C. 1635(f); 12 CFR 226.23, et seq.]

Finally, the plaintiff has not demonstrated that she is able to tender the balance of the Note. The 9th Circuit Court of Appeals has held that prior to ordering rescission based on a lender's alleged violation of TILA, a court may require borrowers to prove the ability to repay loan proceeds while explicitly conditioning such rescission upon repayment of the loan's balance. [*Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003); *LaGrone v.*

-12-

*Johnson,* 534 F.2d 1360, 1362 (9th Cir. 1974)]

**F. Plaintiff's RESPA Claim is also Defective.**

Plaintiff claims violations of 12 U.S.C. 2601, et seq. without alleging any facts to sufficiently put GAP FUND on notice as to what it is called upon to answer. Plaintiff quotes portions of 12 U.S.C. 2607(a) but asserts no facts to suggest that GAP FUND has violated these provisions. [Complaint, paragraphs 71, 72]

**G. The Thirteenth Cause of Action for Violation of *Business & Prof.* Code 17200 is defective as well.**

To bring a claim under the California Unfair Competition Law ("UCL") (*Bus. & Prof Code* sec. 17200, et seq.) a plaintiff must show either (1) an unlawful, unfair, or fraudulent business practice or (2) unfair, deceptive, untrue, or misleading advertising. The claim must be supported by facts described with reasonable particularity. [*Stewart v. Life Insurance Co. Of North America,* 338 F.Supp 1138, 1143 (2005); *Khoury v. Maly's of California, Inc.* (1993) 14 Cal. App. 4th 612, 619]

Unlawful conduct is any practice forbidden by law, that offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to customers. [*Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832, 838-839; *People v. Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal. App. 3d 509, 530]

A prevailing plaintiff under UCL is generally limited to injunctive relief and restitution (sec 17203) and may not receive damages, much less treble damages or attorneys fees. [*Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal. 4th 163, 179] Further, the concept of vicarious liability

-13-

has no application to actions brought under the UCL; rather, a defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices. [*Emery v. Visa International Services Association* (2002) 95 Cal. App. 4th 952, 960]

Plaintiff has failed to state a claim under UCL against GAP FUND.  The complaint does not distinguish between the named defendants with respect to the claimed misconduct.  Since there is no vicarious liability no claim has been stated.  The thirteenth cause of action fails to contain a single factual allegation that GAP FUND has violated any law, engaged in unfair competition, or made any fraudulent representation.

**H.   Plaintiff's Fourteenth Cause of Action Fails to State a Claim for Breach of the Covenant of Good Faith and Fair Dealing.**

Under California law, a viable claim for breach of the implied covenant of good faith and fair dealing must allege (1) inherently unequal bargaining power; (2) non-profit motive for entering into the contract; (3) inadequacy of ordinary contract damages; (4) special vulnerability on the part of the plaintiff due to harm it would suffer from non-performance by the other party;  and (5) the other party's awareness of this vulnerability. [*Wallis v. Superior Court* (9184) 160 Cal. App. 3d 1109, 1118]

There are no allegations regarding any of these required elements in plaintiff's complaint.

**I.   Plaintiff's Fifteenth Cause of Action Does Not Apply to Foreclosures.**

Plaintiff's fifteenth cause of action claims violation of the Rosenthal Fair Debt Collection Practices Act.  However, to the

-14-

extent that Plaintiff claims that this cause of action arises from the foreclosure in controversy, plaintiff has failed to demonstrate how this act or the federal Fair Debt Collection Practices Act ("FDCPA") apply to claims arising from foreclosure proceedings. [*Hulse v. Ocwen Federal Bank,* 195 F.Supp.2d 1118, 1204 (2002); *Tina v. Countrywide Home Loans, Inc.,* 2008 WL 4790906 at 7 (S.D. Cal. October 30, 2008)

The law is well settled that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under FDCPA. [*Constantini v. Wachovia Mortgage, FSB,* 2009 WL 1810122 (E.D. Cal. 2009)]

There are no facts alleged by the plaintiff that would support the claim that GAP FUND engaged in unfair collection practices.

**J.   Plaintiff Acknowledges That She Has No Facts to Support Her Sixteenth Cause of Action.**

Plaintiff's sixteenth cause of action for "predatory lending practices" acknowledges that the plaintiff has absolutely no facts to support this vague claim.  Particularly, she alleges "GAP FUND ad/or GAP MANAGERS has/have engaged in predatory lending practices with respect to plaintiffs . . .the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint then ascertained." [Complaint, paragraph 105] Absent any facts, of course, no claim is asserted.

**K.   Plaintiff's Additional Claims Seeking Rescission and/or Cancellation are defective.**

The Ninth cause of action seeks to "cancel" the Note and deed of trust; the tenth demands an accounting; the eleventh seeks

-15-

rescission; and the twelfth seeks "reformation".

Each of these "causes of action" are barred for several reasons, including those previously set forth.  As indicated above, since there is no allegation that the plaintiff has tendered payment due under the note and deed of trust, none of the causes of action alleged may be properly maintained.  As a condition precedent to any action challenging the effect of a foreclosure sale, a tender of the amount necessary to cure any default must be made. [*Kalrsen v. American Savings & Loan Assoc.* (1971) 15 Cal. App.3d 112, 117]

**L.   Alternatively, A More Definite Statement is Required.**

*FRCP* Rule 12(e) provides in part that "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement."

A motion for a more definite statement will be granted where the complaint does not apprise the defendant of the substance of the claims being asserted. [*FRA S.P.A. v. Surg-O-Flex of America,* 415 F.Supp. 421, 427 (S.D.N.Y. 1976)]

As argued herein, the claims against GAP FUND are vague, unclear, uncertain and indefinite, which makes it impossible for GAP FUND to frame a proper response.  Thus plaintiff, at a minimum, should be required to provide a more definite statement of the entire complaint.  It is only in situations where the complaint gives the defendant fair notice of the claims against him that a motion for a more definite statement will be denied. [*Frederick v. Koziol,* 772 F.Supp. 1019 (E.D. Va. 1990)

The complaint's allegations are so sparse that the Defendant is prejudiced by not knowing how to respond.  Therefore, the Court

-16-

should, alternatively, grant the defendant's Motion for a More Definite Statement pursuant to *FRCP* Rule 12(e).

**IV CONCLUSION**

Based upon the foregoing, GAP FUND respectfully requests that the Court grant its Motion to Dismiss the Complaint without leave to amend.  Alternatively, GAP FUND requests that the Court grant its Motion for a More Definite Statement.


Dated: December 17, 2009    LANE & GULINO




                                    _____s/_____
                                    ROBERT T. LANE
                                    JOHN J. GULINO
                                    Attorneys for Defendant
                                    GAP FUND, LLC

-17-