1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 | SANDRA GALE MARTINO; RONALD ANTHONY VANSTRALENDORFF, | CASE NO. 09cv2064 JM(BLM) |

| | | |
|---|---|---|
| 12 | | Plaintiff, | ORDER GRANTING MOTION TO DISMISS; REMANDING ACTION TO SUPERIOR COURT |
| 13 | vs. | |
| 14 | GAP FUND, LLC; FCI LENDER SERVICES, INC.; FKA FCI NATIONAL LENDER SERVICES; SEASIDE LENDING, INC., | |
| 15 | | |
| 16 | | |
| | Defendants. | |
| 17 | | |

18   Defendant Gap Fund, LLC ("GAP") moves to dismiss the removed complaint for failure to

19   state a claim.  Plaintiffs Sandra Gale Martin and Ronald Anthony Vanstralendorff, represented by

20   counsel, did not file an opposition nor a statement of non-opposition as required by Local Rule

21   7.1(e)(2).  Furthermore, no other Defendant filed a response to the motion.[1]  Pursuant to Local Rule

22   7.1(d)(1), this matter is appropriate for resolution without oral argument.  For the reasons set forth

23   below, the court grants the motion to dismiss and <u>sua sponte</u> remands the action to the Superior Court

24   of California San Diego County - North District.

25   / / /

26   / / /

27

28   [1] The court notes that GAP appears to be the only defendant served with process in this action. (Notice of Removal ¶8, Docket No. 1).

**BACKGROUND**

On September 21, 2009, GAP removed this action from the Superior Court for the County of San Diego based upon federal question jurisdiction. (Docket No. 1). Plaintiff Martino generally alleges that she was contacted by Defendant Seaside Lending, Inc. ("Seaside") in July 2007 about refinancing the mortgage on her home, located in Oceanside, California. (Compl. ¶14). Plaintiff Martino alleges that her income was about $2,100 per month, she informed Seaside of her income, and Seaside increased her income to $9,000 per month on the loan application. Plaintiff Martino also took out an additional $18,000 to supplement her income. (Compl. ¶14). Plaintiff subsequently defaulted on the loan and, on November 5, 2009, the property was sold at a trustee's sale. Thereafter, an unlawful detainer action was commenced against Plaintiffs and judgment was entered against them. (Compl. ¶18).

Based upon this generally described conduct, Plaintiffs allege three federal claims for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601 et seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq. Plaintiffs also allege 13 state law claims for injunctive relief, breach of fiduciary duty, fraud, negligent infliction of emotional distress, negligence, cancellation based on fraud, demand for accounting, rescission, reformation, unfair and unlawful business practices in violation of Bus. and Prof. §17200, breach of the covenant of good faith and fair dealing, unfair debt collection practices, and predatory lending practices.

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled

1  to relief); <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more

2  than permit the court to infer the mere possibility of misconduct).  "The plausibility standard is not

3  akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

4  acted unlawfully."  <u>Id.</u> at 1949.  Thus, "threadbare recitals of the elements of a cause of action,

5  supported by mere conclusory statements, do not suffice."  <u>Id.</u>  The defect must appear on the face of

6  the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.

7  <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however,

8  consider material properly submitted as part of the complaint.  <u>Hal Roach Studios, Inc. v. Richard</u>

9  <u>Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

10      Finally, courts must construe the complaint in the light most favorable to the plaintiff.  <u>Concha</u>

11  <u>v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996).  Accordingly,

12  courts must accept as true all material allegations in the complaint, as well as reasonable inferences

13  to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992).  However,

14  conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)

15  motion.  <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

16  **The Motion to Dismiss**

17      GAP argues that the complaint is deficient under Rules 8 and 12(b)(6) because the complaint

18  is largely based upon vague generalities and conclusions violative of the pleading standards articulated

19  in <u>Twombly</u> and <u>Iqbal</u>.  This argument has merit.  For example, Plaintiffs allege that all "Defendants"

20  engaged in certain conduct without specifying which Defendant engaged in the challenged conduct.

21  Further, Plaintiffs fail to identify whether GAP was the loan servicer or the lender for the challenged

22  transaction and, with respect to the federal RESPA and TILA claims, the court notes that any claim

23  for monetary damages must be brought withing one year from the date of the alleged violation.  15

24  U.S.C. §1640(e).  As the loan transaction at issue allegedly occurred in July 2007, the filing of the

25  state court complaint on May 26, 2009, absent equitable tolling, appears to bar such RESPA and TILA

26  / / /

27  / / /

28  / / /

1   claims.[2]  Furthermore, the claims themselves allege only conclusions: the TILA claim alleges that all

2   "Defendants" violated Regulation Z and failed "to properly make the required material disclosures

3   of the terms of said loans including but not limited to, Annual Percentage Rate, Finance Charge, and

4   Total Payments etc. to Plaintiffs."  (Compl. ¶¶63, 71(RESPA claim)).  Plaintiffs fail to allege the

5   disclosed terms of the loan or to allege how the disclosures did not comply with TILA or RESPA.  Id.

6   As in Iqbal, such "threadbare recitals of the elements of a cause of action, supported by mere

7   conclusory statements, do not suffice" to state a claim.  Iqbal, 129 S.Ct. at 1949.

8          The court further notes that the RICO claim is similarly vague and conclusory.  Moreover, the

9   type of tort allegations set forth in the complaint do not appear to constitute the type of wrongful

10  conduct targeted by RICO.  Congress enacted the Racketeer Influenced and Corrupt Organizations

11  Act ("RICO") with the specific intent to "thwart the organized criminal invasion and acquisition of

12  legitimate business enterprises and property." Oscar v. University Students Co-Operative Ass'n, 965

13  F.2d 783, 786 (9th Cir.), cert. denied, 506 U.S. 1020 (1992).  To that end, Section 1964(c) provides

14  that:

15          [a]ny person injured in his business or property by reason of a violation of
            section 1962 of this chapter may sue therefor in any appropriate United States district
16          court and shall recover threefold the damages he sustains and the cost of the suit,
            including reasonable attorney's fees.

17
18  18 U.S.C. §1964(c).

19          The substantive provision of RICO, §1962, describes the prohibited activities.  Plaintiff's

20  RICO claims are brought under §§1962(c) and 1962(d).  Section 1962(c) provides, in pertinent part,

21  that:

22          [i]t shall be unlawful for any person employed by or associated with any enterprise
            engaged in, or the activities of which affect, interstate or foreign commerce, to conduct
23          or participate, directly or indirectly, in the conduct of such enterprise's affairs through
            a pattern of racketeering activity or collection of unlawful debt.

24  18 U.S.C. §1962(c).  Section 1962(d) provides that it is unlawful to conspire to commit a violation

25  of, among other things, section 1962(c).  In the present case, the existence of a §1962(d) claim

26  depends on a viable §1962(c) claim.  See Edwards v. First Nat. Bank, 872 F.2d 347, 352 (10th Cir.

27  _____

28          [2] The court notes that the claim for rescission appears to fail as well because the property at
    issue has been sold and the sale or transfer of a consumer's property interests extinguishes the right
    of rescission.  See 15 U.S.C. §1635(f).

1  1989).

2        Here, the complaint falls woefully short of satisfying Rule 9(b).  Rule 9(b) requires that

3  Plaintiffs plead with detail "the time, place, and manner of each act of fraud, plus the role of each

4  defendant in each scheme."  <u>Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.</u>, 940 F.2d 397, 405

5  (9th Cir. 1991).  In the context of civil RICO where the predicate acts are based on mail and wire

6  fraud, like those alleged herein, (Compl. ¶53), the policies underlying Rule 9(b) are "especially

7  important in RICO cases because of the harm to a person's reputation that allegations of 'racketeering'

8  may do."  <u>In re Crazy Eddie Secs. Litig.</u>, 714 F.Supp. 1285, 1292-93 (E.D.N.Y. 1989).  The

9  allegations of fraud must include the time, place, and specific content of the false representation.  <u>See</u>

10  <u>Miscellaneous Service Workers, Drivers & Helpers v. Philco-Ford Corp.</u>, 661 F.2d 776, 782 (9th Cir.

11  1981).  Courts have also phrased the heightened pleading standard as requiring "the who, what, when,

12  where, and how of the misconduct charged."   <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1106 (9th

13  Cir. 2003).  Here, the RICO claim simply fails to set forth sufficient, if any, particulars of Plaintiffs'

14  claim.

15        In sum, the court dismisses all federal claims.

16  **Motion to Remand**

17        The court <u>sua sponte</u> remands this action to state court.  <u>See</u> <u>Maniar v. FDIC</u>, 979 F.2d 782,

18  785 (9th Cir. 1992) (the court may <u>sua sponte</u> remand an action to state court).  Federal courts are

19  courts of limited jurisdiction.  "Without jurisdiction the court cannot proceed at all in any cause.

20  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to

21  the court is that of announcing the fact and dismissing the cause."  <u>Steel Co. v. Citizens for a Better</u>

22  <u>Environment</u>, 523 U.S. 83, 94 (1998) (quoting <u>Ex parte McCardle</u>, 74 U.S. (7 Wall.) 506, 514, 19

23  L.Ed. 264 (1868)).  Accordingly, federal courts are under a continuing duty to confirm their

24  jurisdictional power and are even "obliged to inquire <u>sua sponte</u> whenever a doubt arises as to [its]

25  existence. . . ."  <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 278 (1977) (citations

26  omitted).

27        In light of the dismissal of all federal claims and the absence of any other party asserting

28  federal question jurisdiction, the court concludes that it lacks subject matter jurisdiction under 28

U.S.C. §1331 to entertain Plaintiffs' state law claims.  Defendant GAP, as the party who invoked federal removal jurisdiction, has the burden of demonstrating the existence of federal jurisdictional, see Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981).  Here, GAP has demonstrated a lack of federal question jurisdiction.  Further, any doubt regarding removal jurisdiction is construed in favor of remanding the case to state court.  See Gaus, 980 F.2d at 566.  Here, there is no federal claim over which the court has original jurisdiction and the court declines to exercise supplemental jurisdiction over the state law claims.  See 28 U.S.C. §1367(c)(3).  Consequently, the court lacks subject matter jurisdiction and remands this action to the Superior Court for the County of San Diego - North District.

In sum, the court grants GAP's motion to dismiss all federal claims and remands the action to the Superior Court for the County of San Diego - North District.

**IT IS SO ORDERED.**

DATED:  February 5, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties